FILED
 2011 Aug-08  AM 11:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLE DAVIS, on her own behalf and on behalf of all others similarly situated,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**HOME BUYERS WARRANTY CORPORATION, d/b/a 2-10 Home Buyers Warranty; HBW SERVICES, LLC,** )<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **CASE NO. 2:10-CV-1815-SLB** |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Amended Motion to Dismiss Amended Complaint. (Doc. 16.)[1]  Plaintiff Nicole Davis has sued defendant Home Buyers Resale Warranty Corporation and HBW Services, L.L.C., alleging violation of Section 8 of the Real Estate Settlement Procedures Act [RESPA], 12 U.S.C. § 2607.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Amended Motion to Dismiss, (doc. 16), is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. MOTION TO DISMISS STANDARD

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that plaintiff can prove facts she has not alleged or that defendants have violated the law in ways that have not been

alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[2]

---

[2]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## II. STATEMENT OF FACTS[3]

Plaintiff alleges that she sold a house in August 2009.  (Doc. 10 ¶ 13.)  The sale was financed by a "federally related mortgage loan." (*Id*.)  One item of her closing costs was the $500 premium for a one-year HBW home warranty.  (*Id*. ¶ 15.)  Plaintiff does not allege that the closing statement disclosed any payment or fee to the agent or broker from HBW.  Also, the Amended Complaint does not describe the purchase process or administrative process for procuring the home warranty.  However, the Amended Complaint states that plaintiff believes a portion of the cost of the home warranty was paid to a broker or agent "in exchange for referring the home warranty business to HBW." (*Id*.)

## III. DISCUSSION

The Supreme Court has held, "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 at 555 (citing *Papasan*, 478 U.S. at 286 )).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombley*, 550 U.S. at 555, 557).  "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 1951.

---

[3]This Statement of Facts is taken from plaintiff's Complaint.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950. "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009)(quoting *Twombly*, 550 U.S. at 570).

Plaintiff alleges:

> [A]s a matter of law, the practice of paying fees to real estate brokers in connection with their placing home warranties with home buyers, where the payment to the real estate agent is conditioned upon a successful transaction selling the warranty product, or where the services rendered are marketing services, is a violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(b). It constitutes the giving of a fee for the referral of services related to a federally related mortgage loan.

(Doc. 10 ¶ 12.) Section 2607 provides:

> (a) Business referrals
>
> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate

5

> settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.
>
> (c) Fees, salaries, compensation, or other payments
>
> Nothing in this section shall be construed as prohibiting . . . (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed, . . . (4) affiliated business arrangements so long as (A) a disclosure is made of the existence of such an arrangement to the person being referred and, in connection with such referral, such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is referred . . ., (B) such person is not required to use any particular provider of settlement services, and (C) the only thing of value that is received from the arrangement, other than the payments permitted under this subsection, is a return on the ownership interest or franchise relationship . . . .

12 U.S.C. § 2607.

Plaintiff's Amended Complaint states, "At the closing, one of the items listed among [plaintiff's] closing costs was a charge of $500 for a one-year home warranty purchased from HBW. Upon information and belief, a portion of that charge that [plaintiff] paid at closing went to a real estate agent or broker in exchange for referring the home warranty business to HBW." (Doc. 10 ¶ 15.) This allegation is too conclusory to support plaintiff's claims against defendants.

Section 2607 of RESPA prohibits referral fees and split fees, but it does not prohibit payment of a fee for services. No allegations regarding how and why plaintiff purchased a home warranty from HBW – including whether her agent or broker referred her to HBW or whether she chose HBW from a number of home-warranty options; whether the agent and/or broker completed paperwork or otherwise processed information regarding plaintiff's HBW

home warranty or whether plaintiff was responsible for all the paperwork involved in obtaining the warranty. The Complaint contains only plaintiff's conclusory statement that HBW paid some amount of its $500 premium to a broker or real estate agent as a referral fee. However, nothing in the Complaint indicates *why* plaintiff believes a portion of her warranty premium was paid by HBW to an agent or broker as a referral fee. Under *Iqbal* and *Twombly*, her conclusory allegation of wrongdoing is insufficient to satisfy plaintiff's obligations under Fed. R. Civ. P. 8(a).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Complaint fails to state a claim against defendants for which relief may be granted. An Order granting defendants' Amended Motion to Dismiss Amended Complaint, (doc. 16), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 8th day of August, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE